

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| THE BALTIMORE LIFE INSURANCE CO., | § § | |
| Plaintiff, | § § | |
| vs. | § § § | Civil Action No. 4:18-cv-1099-MGL-TER |
| CATHERINE BROWN, YVONNE GREEN, SHIRLEY PARAMORE, and ANGELYNE M. GREEN-DAVIS | § § § § | |
| Defendants. | § § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION

This action arises under 28 U.S.C. § 1335. Defendants Green, Paramore, and Green-Davis are proceeding pro se; Defendant Brown has been served personally but has not responded or appeared. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the death benefit at issue here plus the accrued interest as paid into this Court's registry be paid to the primary beneficiaries on the policy, Defendants Green and Paramore, in equal parts; Defendants and their agents, attorneys or assigns be enjoined from instituting any additional action in any state or United States Court against Plaintiff, The Baltimore Life Insurance Company (Baltimore Life), relative to the policy at issue; and Plaintiff be discharged from all further liability by reason of its payment into the registry of this Court of the due and owing death benefit, and this case be dismissed in its entirety. The Report

was made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 16, 2018, ECF No. 43, but the parties failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court the death benefit at issue plus the accrued interest paid into this Court's registry be paid to Defendants Green and Paramore, the primary beneficiaries listed on the policy, in equal parts. Further, Defendants, their agents, attorneys or assigns are enjoined from instituting any action in any state or United States Court against Baltimore Life relative to Baltimore Life policy number A1054280 or to benefits due under the policy. Finally, Baltimore Life is discharged

from all further liability by reason of its payment into the registry of this Court of the due and owing death benefit, and this case is DISMISSED in its entirety.

**IT IS SO ORDERED.**

Signed this 24th day of September 2018 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE